IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILTON VERAN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Number CIV-05-999-C |
| ) | |
| MARTY SIRMAN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

This action for habeas corpus relief brought by a prisoner, proceeding *pro se*, was referred to United States Magistrate Judge Valerie K. Couch, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Couch entered a Report and Recommendation on November 30, 2005, to which Petitioner has timely objected. The Court therefore considers the matter de novo.

Petitioner filed the present action, pursuant to 28 U.S.C. § 2241, arguing his sentence as a result of his conviction in Logan County, Oklahoma, in Case No. CF-2001-11, was improperly enhanced by reliance on an earlier conviction in Texas. In a thorough and well-reasoned Report and Recommendation, Magistrate Judge Couch recommended the action be converted to one brought pursuant to 28 U.S.C. § 2254 and transferred to the Tenth Circuit as a second or successive petition.

The present case represents yet another attempt by Petitioner to litigate the same issue. On August 25, 2005, Petitioner, in Case No. CIV-05-984-C, raised the same arguments made in the present case. When Magistrate Judge Argo entered a Report and Recommendation

("R&R") proposing that Petitioner's claim was properly classified as brought pursuant to 28 U.S.C. § 2254 and should therefore be transferred as second or successive, Petitioner strongly objected and demanded the case be considered as pursuant to 28 U.S.C. § 2241. The Court accepted that argument and dismissed the action as being improperly brought under that section. In the present case, Petitioner raised the same arguments and relied on the same facts. In a thorough and well-reasoned R&R, Judge Couch finds the present claims can only be pursued via 28 U.S.C. § 2254. In his Objection, Petitioner conceded this argument but challenges Judge Couch's findings on his custody status as it relates to the Texas conviction.

Based on Petitioner's concession that the present case is second or successive, the Court is without jurisdiction to consider the issues any further, as this matter must be transferred to the Tenth Circuit. Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir. 1998).[*]

As set forth more fully herein, the Court adopts in its entirety the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, TRANSFERS this petition for habeas corpus relief to the Tenth Circuit Court of Appeals.

IT IS SO ORDERED this 10th day of January, 2006.

ROBIN J. CAUTHRON
United States District Judge

---

[*] The Court notes that to the extent Petitioner seeks to challenge his Texas conviction that issue is also second or successive as he has previously filed a 28 U.S.C. § 2254 challenge to that conviction in the Northern District of Texas, Williams v. State of Texas, Case No. 04-CV-1666-R.